EXHIBIT 3



# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

October 7, 2024

Ur M Jaddou
Director
U.S. Citizenship and Immigration Services
5900 Capital Gateway Drive
Camp Springs, Maryland 20746
*via email Ur.M.Jaddou@uscis.dhs.gov*

Dear Ms. Jaddou:

The Office of the Texas Attorney General (OAG) requires the assistance of the United States Citizenship and Immigration Services (USCIS) as the State of Texas continues to fulfill its obligations to ensure compliance with federal and state election laws prohibiting non-U.S. citizens from voting.

Together, federal and state law prohibit non-U.S. citizens from registering to vote in any election in Texas. Federal law provides that "[i]t shall be unlawful for any alien to vote in any election held solely or in part for the purpose of electing a candidate for" federal office. 18 U.S.C. § 611(a). Accordingly, federal laws governing registration to vote require the form for federal elections to state "each eligibility requirement (including citizenship)," 52 U.S.C. § 20504(c)(2)(C)(i) and make it a crime to lie about citizenship when registering to vote "in any Federal, State, or local election," 18 U.S.C. § 1015(f). *Cf.* 8 U.S.C. § 1182(a)(10)(D). Texas law, likewise, provides that "to be eligible to vote in an election in this state" a person must be "a United States citizen." TEX. ELEC. CODE §§ 11.001(a)(1), 11.002(a)(2), 13.001(a)(2); *see also* TEX. CONST. art. VI, § 2. In Texas, it is a state jail felony to lie about citizenship status when registering to vote, TEX. ELEC. CODE § 276.018, and it is a second-degree felony for a non-U.S. citizen to cast a vote, TEX. ELEC. CODE § 64.012.

Although federal and state law prohibits non-citizens from voting, federal law paradoxically creates opportunities for non-citizens to illegally register to vote while prohibiting States from requiring voters to have proof of citizenship to vote in federal elections—a common sense measure to identify illegal registration. *Arizona v. Inter Tribal Council of Ariz., Inc.*, 570 U.S. 1 (2013). Under any circumstances, this federal prohibition against citizenship verification makes little sense, but it is especially troubling given the current scale of the illegal immigration crisis. Yet Congress has not corrected this statutory defect because the Senate has not passed the Safeguard American Voter Eligibility Act ("SAVE Act"), which would allow states to ensure that votes are being cast legally by eligible voters. For these reasons, Texans are increasingly concerned about the possibility of non-citizen voting, and I have a responsibility to uphold the integrity of our elections.

Accordingly, pursuant to the authority vested in me by Texas Election Code section 273.001(b), I am actively investigating the extent to which non-citizens are illegally registered to vote or have voted in Texas. In furtherance of these efforts, I have obtained from the Texas Secretary of State (SOS) a list of approximately 454,289 Texas registered voters who have never had their citizenship verified. *See* Attachment A. The list is derived from the Texas Secretary of State's computerized list of voters that the SOS is required to maintain under 52 U.S.C. § 21083.[1] Although I have no doubt the vast majority of the voters on the list are citizens who are eligible to vote, I am equally certain that Texans have no way of knowing whether or not any of the voters on the list are noncitizens who are ineligible to vote. Indeed, a recent SOS audit verified that over 1,300 noncitizens were registered to vote in the four randomly chosen counties that were subject to an election audit—and that is just what was verifiable.[2] That is 1,300 too many when so many of our federal, state, and local election are decided by a handful of votes.

Texans are required to provide proof of citizenship or lawful presence when they obtain a driver's license or state-issued identification card. When Texans use their driver's license or state-issued identification card to register to vote or the Secretary of State can obtain that information from the Department of Public Safety, their citizenship status is automatically checked via routine procedures. This check is necessary because non-U.S. citizens lawfully present cannot legally vote but can lawfully apply for and receive a driver's license or ID card. Consequently, I am not asking for verification of the citizenship of anyone whose voter registration records contains a driver's license or state-issued identification number. The people on the attached list did not use a driver's license or ID to register to vote and that information could not be obtained from the Department of Public Safety, so their citizenship status has never been verified.

Pursuant to your obligations under federal law as set forth below, and as previously explained in the Secretary of State's September 18, 2024, letter to you (Attachment B), please verify or ascertain the citizenship or immigration status of each person on the list no later than October 17, 2024. I require this information for the lawful purpose of investigating "to determine if criminal conduct occurred in connection with an election." TEX. ELEC. CODE § 273.001(b).

Federal law entitles state and local officials to receive citizenship status information from USCIS for any purpose authorized by law. Federal law requires USCIS to fulfill such information requests:

> <u>The Immigration and Naturalization Service shall respond to an inquiry</u> by a Federal, State, or local government agency, seeking to verify or ascertain the <u>citizenship or immigration status of any individual</u> within the jurisdiction of the

---

[1] Separately, the Texas Secretary of State similarly requested your assistance on September 18, 2024 (Attachment B), where she wrote: "Accordingly, pursuant to 8 U.S.C. § 1373, I hereby request your assistance in verifying or ascertaining the citizenship or immigration status of certain individuals on the State of Texas' voter rolls. The Office is in the process of compiling a list of individuals on Texas' voter rolls whose citizenship cannot be verified using existing state sources. Please inform my staff immediately of the appropriate procedures for the Office to provide you with identifying information for these individuals. I ask that you provide all of the requested citizenship information by October 2, 2024." I believe the attached list of registered voters, transmitted to the OAG by the Secretary of State, constitutes information that further effectuates the Secretary's request.

[2] https://www.sos.state.tx.us/about/newsreleases/2024/082324.shtml

> agency <u>for any purpose authorized by law</u>, <u>by providing the requested verification or status information</u>.

*Id.* § 1373(c) (emphasis added). Additionally, federal law prohibits the federal government from preventing state governments from requesting citizenship information from USCIS:

> Notwithstanding any other provision of Federal, State, or local law, <u>a Federal . . . government entity or official may not prohibit, or in any way restrict, any government entity or official from sending to, or receiving from, the Immigration and Naturalization Service information regarding the citizenship</u> or immigration status, lawful or unlawful, of any individual.

8 U.S.C. § 1373(a) (emphasis added): *see also id.* § 1644 (similar). In other words, OAG may request citizenship information of persons on Texas's voter registration list, and USCIS must provide it.

To that end, OAG asks for current citizenship or immigration status information from USCIS for the individuals on the attached list. Each person on this list is registered to vote in Texas, but their citizenship status is unconfirmed, and there is no way of confirming their citizenship status except via the procedure in 8 U.S.C. § 1373(c), quoted above. Again, the "purpose authorized by law" is the purpose of investigating "to determine if criminal conduct occurred in connection with an election." TEX. ELEC. CODE § 273.001(b).

In making this request, I note OAG's understanding that the U.S. Department of Homeland Security routinely shares citizenship status information with the Texas Department of Public Safety in connection with driver license transactions and for law enforcement purposes. I am confident that you will continue to comply with your legal obligations and provide the requested citizenship or immigration status to my office so that I may ensure Texas elections are fair and secure.

Thank you for your prompt attention to this request.

Sincerely,

*[signature: Ken Paxton]*

Ken Paxton
Attorney General of Texas

Enclosures

cc:

Tammy Meckley, Associate Director, Immigration Records and Identity Services Directorate
*via email tammy.meckley@uscis.dhs.gov*

A. Ashley Tabaddor, Chief Counsel, Office of Chief Counsel
*via email ashley.tabaddor@uscis.dhs.gov*