**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**PECOS DIVISION**

ATTORNEY GENERAL OF TEXAS *et al.*,

Plaintiffs,

v.

MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security, *et al.*,

Defendants.

No. 4:24-cv-49-DC

**ANSWER**

Defendants answer the allegations in Plaintiff's complaint, ECF No. 1, as follows:

1. The allegations in this paragraph consist of conclusions of law, rather than allegations of fact, to which no response is required.

2. The allegations in this paragraph consist of a request for relief, to which no response is required. To the extent a response is deemed required, denied that Plaintiffs are entitled to any relief.

3. The allegations in this paragraph consist of conclusions of law, rather than allegations of fact, to which no response is required.

4. The allegations in this paragraph largely consist of conclusions of law, rather than allegations of fact, to which no response is required. As for the allegations in this paragraph that are allegations of fact (*e.g.*, that "Texans are increasingly concerned about the possibility of non-citizen voting"), Defendants lack knowledge or information sufficient to form a belief about the truth of those allegations, except to admit that the United States Senate has not passed the Safeguard American Voter Eligibility (SAVE) Act, H.R. 22 (119th Congress, 2025-2026).

5. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

6. The allegations in this paragraph consist of conclusions of law, rather than allegations of fact, to which no response is required.

7. Denied.

**Parties**

8. The allegations in the first sentence of this paragraph are admitted. The remaining allegations in this paragraph consist of conclusions of law, rather than allegations of fact, to which no response is required.

9. The allegations in the first sentence of this paragraph are admitted. The remaining allegations in this paragraph consist of conclusions of law, rather than allegations of fact, to which no response is required.

10. Denied that "Defendant Alejandro Mayorkas is the Secretary of Department of Homeland Security." Admitted that the Secretary of Homeland Security is sued in his official capacity.

11. The allegations in the first sentence of this paragraph are admitted. The remaining allegations in this paragraph consist of conclusions of law, rather than allegations of fact, to which no response is required.

12. Denied that "Defendant Ur M. Jaddou is Director of U.S. Citizenship and Immigration Services." Admitted that the Director of U.S. Citizenship and Immigration Services is sued in his official capacity.

13. The allegations in this paragraph consist of conclusions of law, rather than allegations of fact, to which no response is required.

**Jurisdiction, Standing, and Venue**

14. The allegations in this paragraph consist of conclusions of law, rather than allegations of fact, to which no response is required.

15. The allegations in this paragraph consist of conclusions of law, rather than allegations of fact, to which no response is required.

16. The allegations in this paragraph consist of conclusions of law, rather than allegations of fact, to which no response is required.

17. The allegations in this paragraph consist of conclusions of law, rather than allegations of fact, to which no response is required.

18. The allegations in this paragraph consist of conclusions of law, rather than allegations of fact, to which no response is required.

**Background**

19. The allegations in this paragraph consist of conclusions of law, rather than allegations of fact, to which no response is required.

20. The allegations in this paragraph consist of conclusions of law, rather than allegations of fact, to which no response is required.

21. The allegations in this paragraph consist of conclusions of law, rather than allegations of fact, to which no response is required.

22. The allegations in this paragraph consist of conclusions of law, rather than allegations of fact, to which no response is required.

23. The allegations in this paragraph consist of conclusions of law, rather than allegations of fact, to which no response is required.

24. The allegations in this paragraph consist of conclusions of law, rather than allegations of fact, to which no response is required.

25. The allegations in this paragraph consist of conclusions of law, rather than allegations of fact, to which no response is required.

26. The allegations in this paragraph consist of conclusions of law, rather than allegations of fact, to which no response is required.

27. The allegations in this paragraph consist of conclusions of law, rather than allegations of fact, to which no response is required.

28. The allegations in this paragraph consist of conclusions of law, rather than allegations of fact, to which no response is required.

29. The allegations in this paragraph consist of conclusions of law, rather than allegations of fact, to which no response is required.

30. The allegations in this paragraph consist of conclusions of law, rather than allegations of fact, to which no response is required.

**Factual Background**

31. The allegations in this paragraph consist of conclusions of law, rather than allegations of fact, to which no response is required.

32. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

33. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

34. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

35. The allegations in this paragraph consist of conclusions of law, rather than allegations of fact, to which no response is required.

36. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

37. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

38. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

39. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

40. The allegations in this paragraph consist of conclusions of law, rather than allegations of fact, to which no response is required.

41. The allegations in this paragraph consist of conclusions of law, rather than allegations of fact, to which no response is required.

42. Admitted that in a letter dated September 18, 2024, the Secretary of State of Texas made the quoted request. Defendants refer the Court to the letter in question for a full and accurate statement of its contents. Denied that the letter in question is Exhibit 1 to the complaint.

43. The allegations in this paragraph consist of conclusions of law, rather than allegations of fact, to which no response is required.

44. Admitted. Defendants refer the Court to the letter in question for a full and accurate statement of its contents.

45. The allegations in this paragraph consist of conclusions of law, rather than allegations of fact, to which no response is required.

46. The allegations in this paragraph consist of conclusions of law, rather than allegations of fact, to which no response is required.

47. Denied.

48. Denied.

49. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

50. Denied.

51. Admitted. Defendants refer the Court to the letter in question for a full and accurate statement of its contents.

52. Admitted. Defendants refer the Court to the letter in question for a full and accurate statement of its contents.

53. The allegations in this paragraph consist of conclusions of law, rather than allegations of fact, to which no response is required.

54. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

55. Admitted that former Director of U.S. Citizenship and Immigration Services Ur M. Jaddou had not responded to the Attorney General of Texas's letter as of the date of the filing of the

complaint. Denied that the Director of U.S. Citizenship and Immigration Services "has not yet responded to the Attorney General of Texas's letter."

**Claims for Relief**

**COUNT I**

56. The allegations in this paragraph relate only to a claim that has already been dismissed by the Court. Accordingly, no response is required.

57. The allegations in this paragraph relate only to a claim that has already been dismissed by the Court. Accordingly, no response is required.

58. The allegations in this paragraph relate only to a claim that has already been dismissed by the Court. Accordingly, no response is required.

59. The allegations in this paragraph relate only to a claim that has already been dismissed by the Court. Accordingly, no response is required.

60. The allegations in this paragraph relate only to a claim that has already been dismissed by the Court. Accordingly, no response is required.

**COUNT 2**

61. The preceding answers are repeated and reasserted as if fully set forth herein.

62. The allegations in this paragraph consist of conclusions of law, rather than allegations of fact, to which no response is required.

63. The allegations in this paragraph consist of conclusions of law, rather than allegations of fact, to which no response is required.

64. The allegations in this paragraph consist of conclusions of law, rather than allegations of fact, to which no response is required.

65. The allegations in this paragraph consist of conclusions of law, rather than allegations of fact, to which no response is required.

**COUNT 3**

66. The preceding answers are repeated and reasserted as if fully set forth herein.

67. The allegations in this paragraph consist of conclusions of law, rather than allegations of fact, to which no response is required.

68. The allegations in this paragraph consist of conclusions of law, rather than allegations of fact, to which no response is required.

69. The allegations in this paragraph consist of conclusions of law, rather than allegations of fact, to which no response is required.

70. The allegations in this paragraph consist of conclusions of law, rather than allegations of fact, to which no response is required.

**COUNT 4**

71. The allegations in this paragraph relate only to a claim that has already been dismissed by the Court. Accordingly, no response is required.

72. The allegations in this paragraph relate only to a claim that has already been dismissed by the Court. Accordingly, no response is required.

73. The allegations in this paragraph relate only to a claim that has already been dismissed by the Court. Accordingly, no response is required.

74. The allegations in this paragraph relate only to a claim that has already been dismissed by the Court. Accordingly, no response is required.

75. The allegations in this paragraph relate only to a claim that has already been dismissed by the Court. Accordingly, no response is required.

76. The allegations in this paragraph relate only to a claim that has already been dismissed by the Court. Accordingly, no response is required.

77. The allegations in this paragraph relate only to a claim that has already been dismissed by the Court. Accordingly, no response is required.

**PRAYER FOR RELIEF**

The remainder of Plaintiff's complaint contains a prayer for relief, to which no response is required. To the extent a response is deemed required, denied that Plaintiff is entitled to any relief.

* * *

Any allegation not specifically admitted or denied in this Answer is denied.

## AFFIRMATIVE DEFENSES

### First Defense

All of Plaintiffs' claims are moot.

* * *

WHEREFORE, Defendants, having fully answered the factual allegations of the complaint, request that this Court dismiss Plaintiff's Complaint or enter judgment in Defendants' favor and request such further relief as the Court deems appropriate.

Dated: August 18, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ANDREW I. WARDEN
Assistant Branch Director

/s/ Stephen M. Pezzi
STEPHEN M. PEZZI (Florida Bar No. 1041279)
Chief Litigation Counsel
DANIEL RIESS
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 305-8576 (Pezzi)
Tel: (202) 353-3098 (Riess)
Email: stephen.pezzi@usdoj.gov

*Counsel for Defendants*