**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**PECOS DIVISION**

| | | |
|---|---|---|
| **ATTORNEY GENERAL OF TEXAS, ET AL.,** *Plaintiffs,* | § | |
| **v.** | § | **Case No. P:2024-CV-00049** |
| **ALEJANDRO MAYORKAS, In his official capacity as Secretary of the Department of Homeland Security, ET AL.,** *Defendants.* | § | |

**ORDER FOR SCHEDULING RECOMMENDATIONS**

In an effort to assist the parties in resolving this dispute as expeditiously and efficiently as possible, and in accordance with Western District of Texas Local Court Rule CV-16(c),

IT IS HEREBY ORDERED that the parties shall submit a proposed scheduling order to the Court within thirty (30) days from the date of this Order. The parties shall first confer as required by Fed. R. Civ. P. 26(f). The content of the proposed scheduling order shall include proposals for all deadlines set out in the form for scheduling order attached hereto and contained in Appendix "B" to the Local Rules. The parties shall endeavor to agree concerning the contents of the proposed order, but in the event they are unable to do so, each party's position and the reasons for the disagreement shall be included in the proposed schedule submitted to the Court. In the event plaintiff has not yet obtained service on all defendants, plaintiff shall include an explanation of why all parties have not been served. **The scheduling proposals of the parties shall be considered by the Court, but the setting of all dates is within the discretion of the Court.** The parties shall indicate in the proposed order that they have in fact conferred as required by the Federal Rules of Civil Procedure.

The proposed scheduling order shall contain suggestions for the following deadlines:

1. The parties asserting claims for relief shall submit a written offer of settlement to opposing parties (the standard period being 90 days after the first defendant's appearance), and each opposing party shall respond, in writing (the standard period being 104 days after the first defendant's appearance).

2. The parties shall file all motions to amend or supplemental pleadings or to join additional parties by (the standard period being 120 days after the first defendant's appearance).

3. Parties asserting claims for relief shall file their designation of potential witnesses, testifying experts, and proposed exhibits, and shall **SERVE ON ALL PARTIES, BUT NOT FILE the materials required by Fed. R. Civ. P. 26(a)(2)(B)** by (the standard period being 90 days before the discovery

deadline). Parties resisting claims for relief shall file their designation of potential witnesses, testifying experts, and proposed exhibits, and shall **SERVE ON ALL PARTIES, BUT NOT FILE the materials required by Fed. R. Civ. P. 26(a)(2)(B)** by (the standard period being 45 days before the close of discovery). All designations of rebuttal experts shall be filed within 14 days of receipt of the report of the opposing expert.

4. An objection to the reliability of an expert's proposed testimony under F. R. E. 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, within (the standard period being 30 days) days of receipt of the written report of the expert's proposed testimony, or within (the standard period being 30 days) days of the expert's deposition, if a deposition is taken, whichever is later.

5. The parties shall complete discovery by (the standard period being six months after the first defendant's appearance). Counsel may by agreement continue discovery beyond the deadline, but there will be no intervention by the Court, except in extraordinary circumstances, and no trial setting will be vacated because of information obtained in post-deadline discovery.

6. All dispositive motions shall be filed (the standard period being 30 days after the discovery deadline). Dispositive motions as defined in Local Rule CV-7(c) and responses to dispositive motions shall be limited to (the standard page limit for this Court is 20) pages in length.

7. The Court will set the case for trial by separate order. The order will establish trial type deadlines to include pretrial matters pursuant to Local Rule CV-16(e)-(g).

It is so **ORDERED**.

SIGNED this 19th day of August, 2026.



DAVID COUNTS
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**PECOS DIVISION**

| | | |
|---|---|---|
| **ATTORNEY GENERAL OF TEXAS, ET AL.,** *Plaintiffs,* | § § § § | |
| **v.** | § | **Case No. P:2024-CV-00049** |
| **ALEJANDRO MAYORKAS, In his official capacity as Secretary of the Department of Homeland Security, ET AL.,** *Defendants.* | § § § § § § | |

**SCHEDULING RECOMMENDATIONS**

The parties recommend that the following deadlines be entered in the scheduling order to control the course of this case:

1. The parties asserting claims for relief shall submit a written offer of settlement to opposing parties by ________________, and each opposing party shall respond, in writing, by _________________.

2. The parties shall file all motions to amend or supplement pleadings or to join additional parties by ________________.

3. All parties asserting claims for relief shall file their designation of potential witnesses, testifying experts, and proposed exhibits, and shall serve on all parties, but not file the materials required by Fed. R. Civ. P. 26(a)(2)(B) by ______________. Parties resisting claims for relief shall file their designation of potential witnesses, testifying experts, and proposed exhibits, and shall serve on all parties, but not file the materials required by Fed. R. Civ. P. 26(a)(2)(B) by ______________. All designations of rebuttal experts shall be designated within 14 days of receipt of the report of the opposing expert.

4. An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, within _____________ days of receipt of the written report of the expert's proposed testimony, or within __________ days of the expert's deposition, if a deposition is taken, whichever is later.

5. The parties shall complete all discovery on or before ________________. Counsel may by agreement continue discovery beyond the deadline, but there will be no intervention by the Court except in extraordinary circumstances, and no trial setting will be vacated because of information obtained in post-deadline discovery.

6. All dispositive motions shall be filed no later than ________________. Dispositive motions as defined in Local Rule CV-7(c) and responses to dispositive motions shall be limited to twenty (20) pages in length. Replies, if any, shall be limited to ten (10) pages in length in accordance with Local Rule CV-7(e).

7. The Court will set the case for the final pretrial conference and jury trial.

8. All of the parties who have appeared in the action conferred concerning the contents of the proposed scheduling order on ________________, and the parties have (*agreed/disagreed*) as to its contents. The following positions and reasons are given by the parties for the disagreement as to the contents of the proposed scheduling order ______________. Plaintiff offers the following explanation of why all parties have not been served ____________.

___________________________
(Signature)

___________________________
(Print or type name)

ATTORNEY FOR

___________________________
(Print or type name)

CERTIFICATE OF SERVICE