**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**PECOS DIVISION**

| | |
|---|---|
| ATTORNEY GENERAL OF TEXAS *et al.*,<br>Plaintiffs,<br>v.<br>MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security *et al.*,<br>Defendants. | No. 4:24-cv-49-DC-DF |

**DEFENDANTS' MOTION TO STAY PROCEEDINGS**

## INTRODUCTION

Defendants respectfully move to stay proceedings in this case until final resolution of the appeals process in *League of Women Voters v. U.S. Department of Homeland Security*, No. 26-5301 (D.C. Cir.) ("*LWV*"), a case challenging the agency action at issue in this case: the system maintained by the Department of Homeland Security ("DHS") to verify citizenship and immigration status, known as the Systematic Alien Verification for Entitlements, or "SAVE" system. The State of Texas seeks to ensure that SAVE can process requests by Texas to verify the citizenship of State residents and to allow such requests to use last-four-digits Social Security Numbers ("SSNs") and full SSNs to identify these residents. The district court in *LWV* has issued an opinion holding that the very relief requested by Texas in the present case violates multiple federal laws. The *LWV* district court has vacated DHS's actions improving SAVE to provide such relief. DHS has appealed that ruling, and has obtained emergency relief from the Supreme Court of the United States staying its effect. *DHS v. LWV*, No. 26A308, 2026 WL 2879700 (U.S. Sept. 25, 2026). The outcome of the appeal in *LWV* thus will decide questions of law that will, at a minimum, have a very significant effect on the claims raised in this case. Moreover, moving forward with proceedings in this case while the *LWV* vacatur order is in place risks creating inconsistent rulings regarding operation of the SAVE system. Accordingly, Defendants respectfully request that proceedings in this case be stayed pending final resolution of the appeals process in *LWV*.

## BACKGROUND

Plaintiffs filed this suit in October 2024 seeking to compel DHS to improve and modernize SAVE. Compl., ECF No. 1 (Oct. 22, 2024). In October and November 2025, DHS and the Social Security Administration ("SSA") published System of Records Notices ("SORNs") to modify their systems to implement the improvements and modernizations sought by Plaintiffs. *See* DHS, Notice of Modified System of Records, 90 Fed. Reg. 48,948 (Oct. 31, 2025); SSA, Notice of Modified System of Records, 90 Fed. Reg. 50,879 (Nov. 12, 2025). Defendants moved to dismiss this case as moot. Mot. to Dismiss, ECF No. 12 (Dec. 23, 2025).

In June 2026, the U.S. District Court for the District of Columbia issued a memorandum opinion holding that DHS's improvements and modernizations of SAVE violated the Administrative Procedure Act, Privacy Act, and Social Security Act. *LWV v. DHS*, 835 F. Supp. 3d 79, 119-32 (D.D.C. 2026). The court issued an order that "sets aside and vacates" those modernizations and improvements. *See id.* at 138.[1] Defendants promptly appealed the district court's decision to the U.S. Court of Appeals for the District of Columbia Circuit. *See* Notice of Appeal, *LWV v. DHS*, No. 26-5301 (D.C. Cir. June 25, 2026).

The district court and the D.C. Circuit halbve denied requests for a stay of the vacatur order pending appeal. *See* Mem. Op. & Order, *LWV v. DHS*, No. 25cv3501 (D.D.C. July 8, 2026); Per Curiam Order, *LWV v. DHS*, No. 26-5301 (D.C. Cir. Sept. 4, 2026). On September 8, 2026, Defendants filed a stay application with the Supreme Court. Application to Stay the Order of the United States District Court for the District of Columbia, No. 26A308 (U.S. Sept. 8, 2026). The stay application was granted on September 25, 2026. *DHS v. LWV*, No. 26A308, 2026 WL 2879700 (U.S. Sept. 25, 2026).

In July 2026, this Court granted in part and denied in part Defendants' motion to dismiss this case as moot. Order, ECF No. 19 (July 21, 2026). The Court held that Plaintiffs' claims for a writ of mandamus and injunctive relief were moot "because it is undisputed that Texas verified its entire voter roll after filing the complaint." *Id.* at 2. However, the Court held that given the *LWV* vacatur order, "Texas' remaining claims are not moot." *Id.*

---

[1] Specifically, the D.C. District Court set aside and vacated: (1) the October 2025 Department of Homeland Security Notice of a Modified System of Records for the SAVE system of records, Notice of a Modified System of Records, 90 Fed. Reg. 48,948 (October 31, 2025); (2) the November 2025 Social Security Administration Notice of a Modified System of Records for the Master Files of Social Security Number Holders and Social Security Number Applications, Notice of a Modified System of Records, 90 Fed. Reg. 50,879 (November 12, 2025); and (3) the SAVE "modified system" described in the October 2025 Department of Homeland Security Notice of a Modified System of Records for the SAVE system of records, Notice of a Modified System of Records, 90 Fed. Reg. at 48,948 (October 31, 2025). *LWV v. DHS*, 835 F. Supp. 3d at 138.

## ARGUMENT

### I. This Court Has Broad Discretion to Stay Proceedings.

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Langiano v. City of Fort Worth*, 131 F.4th 285, 290 (5th Cir. 2025) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "A stay of a pending matter is 'within the trial court's wide discretion to control the course of litigation' . . . . This authority stems from a district court's inherent power to 'control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Bean v. Alcorta*, 220 F. Supp. 3d 772, 774-75 (W.D. Tex. 2016) (quoting *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990), and *Landis*, 299 U.S. at 254); *see also Reaction Labs, LLC*, No. 24-cv-1125, 2026 WL 2280972, at *2 (W.D. Tex. May 21, 2026) ("A district court has the inherent power to control its own docket, including the power to stay proceedings before it.") (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)).

"In determining whether a stay is proper, the Court should consider three factors: (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Villanueva v. Vill. of Volente, Texas*, No. 23-cv-1246, 2024 WL 5454652, at *1 (W.D. Tex. Sept. 11, 2024) (citing *Dwyer v. USAA Savings Bank*, 2017 WL 7805760, at *1 (W.D. Tex. Nov. 21, 2017)). When exercising its discretion, the Court is "guided by the policies of justice and efficiency." *Id.* (quoting *Boudreaux v. Metro. Life Ins. Co.*, Civ. A. No. 95-CV-138, 1995 WL 83788, at *1 (E.D. La. Feb. 24, 1995).

### II. A Stay Will Significantly Enhance the Efficient Adjudication of This Matter.

Applying the relevant standard above, the Court should stay proceedings in this case pending the resolution of the appeals process in *LWV*. First, regardless of the outcome of the appeals process in *LWV*, a stay would not unduly prejudice either party. Neither party would obtain a tactical advantage because the Court could continue to resolve any remaining claims following the stay's expiration. As shown by the Supreme Court's entry of a stay in *LWV*, DHS is likely to prevail on the

merits in that case. *See DHS v. LWV*, No. 26A308, 2026 WL 2879700 at *2 (U.S. Sept. 25, 2026) (concluding that "[a]lthough the plaintiff organizations likely have standing, their claims likely lack merit"). But even in the unlikely even that the appeals process were to uphold the *LWV* vacatur order, awaiting final resolution of *LWV* will not prejudice Plaintiffs.

Second, "[a] stay will simplify the issues before the Court and conserve judicial resources." *Traxcell Techs., LLC v. Cellco P'ship*, No. 6:20-CV-01175-ADA, 2023 WL 11979661, at *3 (W.D. Tex. June 7, 2023). The D.C. Circuit's decision regarding the *LWV* vacatur order may significantly affect future proceedings in this case. At the very least, its resolution of whether the relief sought by Plaintiffs is inconsistent with the Administrative Procedure Act, Privacy Act, and Social Security Act will provide significant guidance to the parties and the Court, thus "simplify[ing] the issues in question" in this case. *Id.*

In addition, moving forward now—despite the uncertainty inherent in not awaiting the resolution of the appeals process in *LWV*—would create a serious "risk of inconsistent rulings that the appellate courts [or this Court] might then need to disentangle." *Hawaii v. Trump*, 233 F. Supp. 3d 850, 856 (D. Haw. 2017). At present, the *LWV* vacatur order is in place, which hampers DHS's efforts to take the steps that Plaintiffs are requesting. Considerations of party and judicial economy thus strongly favor staying this case to allow the *LWV* appeals process to play out because if the Court were to find that Plaintiffs are entitled to their requested relief, it could risk placing the United States in the impossible position of being subject to two conflicting court orders. Every court of appeals, including the Fifth Circuit, has stated that district courts should avoid interfering with the remedial authority of other district courts. *See, e.g.*, *W. Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728-29 (5th Cir. 1985) (holding that federal district courts have an obligation to "avoid rulings which may trench upon the authority of sister courts").[2] This fundamental principle of judicial comity

[2] *See also Zambrana v. Califano*, 651 F.2d 842, 844 (2d Cir. 1981) ("Generally, principles of comity and judicial economy make courts reluctant to exercise jurisdiction over claims involving the orders of coordinate courts."); *TPM Holdings, Inc. v. Intra-Gold Indus., Inc.*, 91 F.3d 1, 4 (1st Cir. 1996) ("Where the overlap between the two suits is nearly complete, the usual practice is for the court that first had jurisdiction to resolve the issues and the other court to defer."); *EEOC v. Univ. of Pennsylvania*, 850 F.2d 969 (3d Cir. 1988) (describing past Supreme Court decision as setting forth principle that "no

is especially compelling here, where an order by this Court granting Plaintiffs' requested relief could create an irreconcilable conflict with an order of another federal district court. A decision by the D.C. Circuit reversing the *LWV* decision would eliminate the possibility of such conflict.

This is no mere matter of speculation. Due to a pre-existing settlement agreement enforceable by court order in the Northern District of Florida requiring DHS to provide several other States with the relief requested by Texas here, the United States has been required to respond to (1) an emergency motion to enforce the Florida agreement in light of the *LWV* vacatur order, and (2) an emergency motion to enforce the *LWV* vacatur order in light of the Florida agreement. *See* Emergency Mot. to Enforce Settlement Agreement, *Florida v. DHS*, No, 24cv509 (N.D. Fla. June 30, 2026); Mot. to Enforce Judgment, *LWV v. DHS*, No. 25cv3501 (D.D.C. July 14, 2026). The *Florida* court has ordered the United States to comply with the settlement agreement, and the *LWV* court has deferred ruling on the motion to enforce its vacatur order pending the outcome of the *Florida* appeal. *See* Order, *Florida v. DHS*, No, 24cv509 (N.D. Fla. July 7, 2026); Minute Order, *LWV v. DHS*, No. 25cv3501 (D.D.C. July 20, 2026); *State of Florida v. League of Women Voters*, No. 26-12533 (11th Cir.).

---

precise rule governs relations between federal district courts possessing jurisdiction, but the general principle is to avoid duplicative litigation."); *Feller v. Brock*, 802 F.2d 722, 727-28 (4th Cir. 1986) ("Prudence requires that whenever possible, coordinate courts should avoid issuing conflicting orders."); *Carver v. Knox Cty.*, 887 F.2d 1287, 1293 (6th Cir. 1989) (noting the "intolerable situation" of a state subject to conflicting injunctions and explaining that "the only common sense approach" is for the courts to speak "with a single voice"); *Great N. Ry. Co. v. Nat'l R.R. Adjustment Bd.*, 422 F.2d 1187, 1193 (7th Cir. 1970) ("The purposes of the rule [of comity] are to avoid unnecessarily burdening courts and to avoid possible embarrassment from conflicting results."); *Missouri ex rel. Nixon v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 953 (8th Cir. 2001) (noting "the general policy against concurrent federal litigation"); *Bergh v. Washington*, 535 F.2d 505, 507 (9th Cir. 1976) ("When an injunction sought in one federal proceeding would interfere with another federal proceeding, considerations of comity require more than the usual measure of restraint, and such injunctions should be granted only in the most unusual cases."); *MAI Basic Four, Inc. v. Basis, Inc.*, 962 F.2d 978, 987 (10th Cir. 1992); *S. Mills, Inc. v. Nunes*, 586 F. App'x 702, 706 (11th Cir. 2014) (approving district court's decision to "avoid[] multiplicitous proceedings and potentially conflicting judgments"); *UtahAmerican Energy, Inc. v. Dep't of Labor*, 685 F.3d 1118, 1124 (D.C. Cir. 2012) (cautioning against simultaneous suits that would "potentially produce contradictory decisions" and "in turn, generate dueling appeals")

Finally, discovery has not been completed in this case and a trial date has not been set. A stay thus would not affect any significant upcoming deadlines and would simply postpone additional steps in this case, hopefully for a brief period of time.

The relevant standard being satisfied, entry of a stay would be appropriate in this case.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court stay proceedings pending final resolution of the appeals process in *LWV*. A proposed order is attached hereto.

Dated: September 25, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ANDREW I. WARDEN
Assistant Branch Director

*/s/ Daniel Riess*
STEPHEN M. PEZZI
Senior Trial Counsel
DANIEL RIESS
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 305-8576
Email: daniel.riess@usdoj.gov

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

On September 25, 2026, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Daniel Riess*