**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**PECOS DIVISION**

| | | |
|---|---|---|
| **ATTORNEY GENERAL OF TEXAS, *et al.*,**<br>***Plaintiffs,*** | § | |
| **v.** | § | **PE:24-CV-00049-DC** |
| **MARKWAYNE MULLIN,[1] in his official capacity as Secretary of Homeland Security, *et al.*,**<br>***Defendants.*** | § | |

**ORDER**

Pending before the Court is Defendants' Motion to Stay Proceedings (the "Motion").[2] Having considered the relevant submissions, the record, and the applicable law, the Court finds that the Motion should be **GRANTED in part** and **DENIED in part**.

It is well known that both federal and state law preclude non-citizens from voting in elections. This case dissects how the sausage is made: the process of ensuring that only eligible voters are permitted to engage in the ballot-casting. The mechanics of this system are reciprocal—federal law prevents Texas from allowing non-U.S. citizens from voting but also protects the State's unencumbered access to the information needed to effectuate that restriction.[3] Of central focus are the sequence, manner, and form of obtaining the pertinent information—funneled through the Systematic Alien Verification for Entitlements

---

[1] The suit initially named Alejandro Mayorkas as a defendant in his official capacity as Secretary of the Department of Homeland Security. Markwayne Mullin was sworn in as the Secretary of Homeland Security on March 24, 2026. He is automatically substituted as a named party. (*See* Fed. R. Civ. P. 25(d)).

[2] Doc. 27.

[3] *See* 18 U.S.C. § 611(a); Tex. Elec. Code §§ 11.001(a)(1), (a)(2), 13.001(a)(2); Tex. Elec. Code § 276.018; Tex. Elec. Code § 64.012; 52 U.S.C. § 21083(a)(2)(A); 8 U.S.C. § 1373.

("SAVE") program, a system maintained by the Department of Homeland Security ("DHS") to verify citizenship and immigration status.

Previously, the Court considered Defendants' Motion to Dismiss.[4] It concluded that Plaintiffs' requests for injunctive and mandamus relief were moot because the State of Texas verified its entire voter roll, rendering the request effectively null and void. However, the Court concluded Plaintiffs' remaining claims, which confront the lawfulness of the 2024 variant of the SAVE program, were not moot. The Court recognized, in part, that parallel issues were implicated in a D.C. District Court in *League of Women Voters v. U.S. Dep't of Homeland Sec.*, 835 F. Supp. 3d 79 (D.D.C. 2026) ("*LWV*"). The D.C. court ultimately set aside and vacated the 2025 overhauls to SAVE, leaving the utilization of the SAVE program somewhat unclear.[5] The defendants there appealed the decision to the U.S. Court of Appeals for the District of Columbia, which denied the request for a stay of the vacatur order.[6] The defendants subsequently appealed the denial of the stay to the U.S. Supreme Court, which granted the request.[7] With SAVE under the microscope of the D.C. Circuit, this Court concluded that the commensurate challenges to the program should move forward.

Now, Defendants ask the Court to stay this litigation pending resolution of the D.C. friction. The Court finds this appropriate.

---

[4] Doc. 12.
[5] *League of Women Voters*, 835 F. Supp. 3d at 138.
[6] *League of Women Voters v. U.S. Dep't of Homeland Sec.*, No. 26-5243, 2026 WL 2643439, at *13 (D.C. Cir. Sept. 4, 2026).
[7] *Dep't of Homeland Sec. v. League of Women Voters*, No. 26A308, 2026 WL 2879700, at *3 (U.S. Sept. 25, 2026).

The Court has inherent power to control its own docket, including the power to stay proceedings.[8] Effectively managing the Court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."[9] In exercising this judgment, the Court considers: (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set.[10] Defendants bear the burden of justifying a stay.[11] Moreover, when the stay is contingent on the resolution of another case, the Court must consider the time reasonably expected for resolution of the other case.[12]

First, the Court finds no prejudice to Plaintiffs. Neither party would gain a tactical advantage, nor find itself playing from behind should the Court await the much-anticipated clarity of *LWV*. To be sure, Plaintiffs argue that prejudice exists because they have continuing duties to maintain their voter lists. And this point is well taken. But this perceived

---

[8] *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

[9] *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936).

[10] Federal district courts in Texas commonly use these three factors in determining whether a stay is appropriate. *See Villanueva v. Vill. of Volente*, 1:23-CV-1246-RP, 2024 WL 5454652, at *1 (W.D. Tex. Sept. 11, 2024); *Dwyer v. USAA Sav. Bank*, No. SA-17-CA-252-FB, 2017 WL 7805760, at *1 (W.D. Tex. Nov. 21, 2017). However, district courts in Texas also use the following three factors: (1) the potential prejudice to the non-moving party if the stay is granted; (2) the hardship to the moving party if the stay is denied; and (3) the interests of judicial economy and efficiency. *See Kerr Mach. Co. v. Vulcan Indus. Holdings, LLC*, No. 6-20-CV-00200-ADA, 2021 WL 1298932, at *1 (W.D. Tex. Apr. 7, 2021); *Wapp Tech Ltd. P'ship v. Apple Inc.*, No. 4:25-CV-230, 2026 WL 1195045, at *3 (E.D. Tex. May 1, 2026). This distinction is one of form, not of kind, as the referenced caselaw appears to derive from the same progeny, resulting in reformulations of the same discretionary considerations. In any event, the outcome remains the same through either lens.

[11] *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983).

[12] *See id.* ("[S]tay orders will be reversed when they are found to be immoderate or of an indefinite duration." (quoting *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982))).

wound would be similarly exacerbated should the *LWV* litigation conclude with a ruling in contest with this Court's own.

Second, the Court believes a stay will simplify the issues of the case. Plaintiffs argue that this case is not dependent, in any way, on the outcome of *LWV*. Specifically, Plaintiffs delineate that *LWV* concerns *how* DHS makes citizenship and immigration-status information available, while this case concerns *whether* and *when* DHS must respond to Texas's inquiries.[13] This framing is too general. The Complaint squarely confronts Defendants' utilization of the SAVE program, the very program set to be scrutinized by the D.C. Circuit in *LWV*.[14] That the issues before this Court are not identical to those in *LWV* is not dispositive. And guidance on the SAVE program and resolution of its current vacatur will simplify the issues in this case.

Third, the Parties seem to agree that discovery will not be necessary, and the legal questions can be decided on cross-motions.

Taken together, these facts reflect an appropriate circumstance for the Court to exercise its discretion to pause proceedings. However, Defendants' request, as stated, is too indefinite in nature and the Court adjusts appropriately.

Accordingly, the Court concludes a limited stay is appropriate. It is therefore **ORDERED** that Defendants' Motion to Stay Proceedings[15] is hereby **GRANTED in part** and **DENIED in part.** This case is hereby **STAYED** pending the D.C. Circuit's resolution in *League of Women Voters v. U.S. Department of Homeland Security*, No. 26-5301 (D.C.

---

[13] Doc. 29 at 3.
[14] Doc. 1 at 11.
[15] Doc. 27.

Cir.), and the Clerk's Office is directed to **ADMINISTRATIVELY CLOSE** the matter. Defendants' request for an indefinite stay pending "final resolution of the appeals process in *LWV*" is hereby **DENIED**.[16] The Parties are hereby **ORDERED** to file a status report promptly upon the D.C. Circuit's ruling. The Parties may then file the appropriate motion should they deem a continued stay appropriate.

It is so **ORDERED**.

SIGNED this 23rd day of November, 2026.



DAVID COUNTS
UNITED STATES DISTRICT JUDGE

[16] *Id.* at 7.